

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 7, 1963

Honorable Raymond W. Vowell　　　　Opinion No. C- 123
Executive Director
Board for Texas State Hospitals　　Re: Application of H.B. 86,
　and Special Schools　　　　　　　　58th Legislature, to
Austin, Texas　　　　　　　　　　　　present and subsequently
　　　　　　　　　　　　　　　　　　　hired employees in the
Dear Mr. Vowell:　　　　　　　　　　Special "S" salary rates.

　　　　You have requested our interpretation of the recent
Appropriation Bill, H.B. 86, 58th Legislature, regarding the
following questions:

　　　　"1.　May an employee hired prior to September
　　1, 1963, whose salary on September 1 is adjusted
　　to one of the "S" rates be treated the same as an
　　employee hired on or after September 1, 1963, by
　　having his salary subsequently brought to Step 1
　　of the designated salary range as the employee's
　　experience and performance may warrant.

　　　　"2.　May such adjustments be made without
　　reference to the minimum time schedule and the
　　monetary allowance for merit salary increases
　　as provided in Article V, Section 1, L, provided
　　appropriated funds are sufficient to cover such
　　adjustment."

　　　　By way of explanation, you have called our attention
to the fact that Section 1 B(a) of H.B. 86 provides only for "new
employees" hired after September 1, 1963, as regards adjustment
of salary from one of the Special "S" rates up to and including
Step 1, and as there is no similar provision for those presently
employed a serious discrimination against present employees could
result.

　　　　You further explain the similar lack of any specific
provision as to whether any such adjustments in salary from one
of the Special "S" rates to Step 1 are subject to the provisions
governing Merit Salary Increases.

-610-

The General Appropriation Bill of the 58th Legislature, reflects the untiring efforts of many persons interested in improving classification and salary conditions of State employees by adjusting salaries to meet present-day demands and by creating the desirable uniformity of "equal pay for equal work." In most instances the Bill specifically and clearly defines the status of State employees, but it nonetheless still gives the various departments of State government a certain range of latitude and discretion in regard to the salary of their personnel.

The Special "S" rates, themselves, are a good example of this granting of discretion. Section 1B of H.B. 86 provides:

"B. HIRING POLICIES. 1. New employees will normally be hired on Step 1 of the salary range for the assigned group to which the position is allocated, with the following exceptions:

"(a) Department heads may make appointments at one of the special "S" rates below Step 1 either for periods of training or to meet prevailing salaries of localities in Texas encountered by the agency. Such employees may subsequently be brought to Step 1 of the designated salary range as the employee's experience and performance may warrant. Any increases in salary above Step 1, in the same classification, however, shall be made only in accordance with provisions for merit salary increases hereinafter provided."

Thus, the Legislature has provided for "new employees hired in the Special "S" rates" to be brought to Step 1; but, as regards present employees, there is only Section 1 A 2 which reads as follows:

"2. An employee who, in August, 1963: (a) is not covered by the Position Classification Plan, . . .and who will occupy a classified position on September 1, 1963, under the terms of this Act, shall have his salary converted to a step in the designated salary group which represents the step rate nearest above the rate paid in August, 1963."

We then come to the problem of determining if present employees who on September 1st are converted to the Special "S" rates may also have their salary adjusted up to Step 1 the same as new employees.

The courts of this State have consistently held that statutes should be construed so as to effectively carry out the legislative intent even though the literal meaning of the words used therein is not followed or it is necessary to supply omissions. Patterson v. City of Dallas, 355 S.W.2d 830, 844 (Tex.Civ.App., 1962, error ref., n.r.e.) and cases there cited; and Wood v. State, 133 Tex. 110, 126 S.W.2d 4, 7 (1939).

If we were to hold that in view of the lack of specific authorization for treating both new and old employees alike only new employees in the Special "S" rates could have their salaries adjusted, the most undesirable result of injustice and discrimination would occur, for one of the main purposes of job classification and the accompanying salary schedule was to eliminate such evils. Further, the Legislature has never evidenced an intent to discriminate against "old employees" and it certainly is not within the spirit of this Bill to discriminate against "old employees" to the advantage of "new ones" hired on or after September 1, 1963.

Therefore, notwithstanding the lack of specific reference to "old employees in Section 1 B a" we hold that the provisions relating to adjustments in salary from one of the Special "S" rates to Step 1 apply equally to "both 'new' and 'old' employees." In reaching this result we are attempting to give full credit to the overall legislative intent which, once ascertained, cannot be thwarted by an interpretation which would lead to the very injustice sought to be alleviated.

As regards your second question, Section 1 B (a) provides for adjustment "as the employee's experience and performance may warrant" up to and including Step 1, but "Any increases in salary above Step 1, in the same classification, however, shall be made only in accordance with provisions for Merit Salary Increases hereinafter provided." We would also point out that there is no mention of the Special "S" rate in the specific table of Merit Salary Increases found in Section 1 L(1) in providing for both the minimum length of State service and time in Step requirements from Step 1 through Step 7.

Therefore, we feel that the various State departments were left with the discretion of determining when an employee's experience and performance warrant adjustment in salary, and that the Legislature so chose to place this latitude of discretion because of the difficulty in determining the necessary period of training or of foreseeing local prevailing salaries in Texas.

We specifically hold that such is equally applicable to both old and new employees and that such adjustments may be made

provided that funds are available. Such adjustments are not merit salary increases, and therefore do not count in computing the 3.4% limitation placed on Merit Salary Increases in Section 1 L (3).

## S U M M A R Y

Employees hired prior to September 1, 1963, whose salary on September 1 is adjusted to one of the "S" rates and those employees hired on or after September 1, 1963, may subsequently be brought to Step 1 of the designated salary range as the employee's experience and performance may warrant. Such adjustments are not Merit Salary Increases, and therefore may be made without reference to the provisions of Section 1 L regarding minimum length of State service and minimum time in Step after September 1, 1963.

Very truly yours,

WAGGONER CARR
Attorney General

By    Paul Phy

Paul Phy
Assistant

PP:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Corbin Lee Snow, Jr.
Grady Chandler
Pat Bailey
Howard Mays

APPROVED FOR THE ATTORNEY GENERAL
BY: Albert P. Jones