

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 13, 1977

Honorable Emory C. Walton
Criminal District Attorney
Eastland County
Eastland, Texas 76448

Opinion No. H-1015

Re: Authority of a telephone company to lay buried telephone lines within county road right of way without the approval of the commissioners court.

Dear Mr. Walton:

You have requested our opinion regarding the authority of a telephone company to lay buried telephone lines within the right-of-way of a county road without the approval of the commissioners court. Article 1416, V.T.C.S., provides:

> Corporations created for the purpose of constructing and maintaining magnetic telegraph lines, are authorized to set their poles, piers, abutments, wires and other fixtures along, upon and across any of the public roads, streets and waters of this State, in such manner as not to incommode the public in the use of such roads, streets and waters.

This statute has been held applicable to telephone as well as telegraph lines. Heldt v. Southwestern Bell Telephone Co., 482 S.W.2d 352, 355 (Tex. Civ. App. — Corpus Christi 1972, no writ).

Article 1422, V.T.C.S., authorizes "[t]he corporate authorities of any city, town or village through which the line of any telegraph corporation is to pass" to

> specify where the posts, piers or abutments shall be located, the kind of posts that shall be used, the height at which the wires shall be run. . . .

The courts have held repeatedly that the right granted a telephone company to lay its lines under article 1416 is absolute, subject only to the limitations of article 1422. A municipality may not prevent a telephone company from using its streets, but is authorized only to direct where the company's lines and poles shall be placed. Athens Telephone Co. v. City of Athens, 182 S.W. 42, 44 (Tex. Civ. App. -- Dallas 1915, writ ref'd); City of Brownwood v. Brown Telegraph & Telephone Co., 152 S.W. 709, 713 (Tex. Civ. App. -- Austin 1912), aff'd, 157 S.W. 1163 (Tex. 1913). City of Texarkana v. Southwestern Telegraph & Telephone Co., 106 S.W. 915 (Tex. Civ. App. -- 1907, no writ). See also Heldt v. Southwestern Bell Telephone Co., supra at 356. A city's right to control its streets must yield to article 1416. City of Texarkana v. Southwestern Telegraph & Telephone Co., supra.

No statute similar to article 1422 applies to counties, and, in the absence of such a provision, it is our opinion that a county is without authority to specify the location of telephone lines on county right-of-way. It is well established that a county possesses only those powers specifically conferred by the Constitution or by statute. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). Thus, in our opinion, a telephone company is authorized to lay buried telephone lines within the right-of-way of a county road without the approval of the commissioners court. We note, however, that article 1416 requires that a telephone company place its lines "in such manner as not to incommode the public in the use of" the public roads.

## S U M M A R Y

A telephone company is authorized by article 1416, V.T.C.S., to lay buried telephone lines within the right-of-way of a county road without the approval of the commissioners court, but the company must place its lines "in such manner as not to incommode the public in the use of" the public roads.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw