

# The Attorney General of Texas

May 6, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Iston, TX. 77002-3111
J/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James M. Kuboviak
Brazos County Attorney
Courthouse
Bryan, Texas    77803

Opinion No. JM-489

Re: Liability of a county for buried cable damaged during widening of a road

Dear Mr. Kuboviak:

You ask the following question:

> What is the liability of a county with respect to buried cable in a county right-of-way that is damaged by the county during the widening of a public road?

The question was raised by the fact that a county commissioners court, in 1979, adopted at a meeting of the court what purports to be an agreement with a telephone company that, among other things, states that the county "will in no way be responsible for any damage that might occur to any existing lines in the right-of-way." A county work crew has damaged the telephone company's buried cables during road widening construction. The county suggests that the "agreement" that it adopted in 1979 is binding on the telephone company.

The liability of a county for damage caused by the county to cable buried in its right-of-way involves factual determinations which this office is not authorized to decide. See Attorney General Opinion JM-408 (1985). Also, we cannot decide the factual issues necessary to determine the existence of a contractual agreement, such as consideration and communication of an acceptance. We conclude, however, that a county, by resolution or otherwise, may not unilaterally change the general law of liability applicable to the county for the damage in question.

Tort liability is determined by the legislature and the courts in the statutory and case law of the state. In addition to the well-established recovery of damages based on the theory of negligence, the Texas courts have allowed recovery on the basis of the liability under article I, section 17 of the Texas Constitution for taking, damaging, or destroying private property for public use. See State v. Hale, 146 S.W.2d 731, 737 (Tex. 1941). The Texas courts also have allowed

recovery for the severance of telephone cables lawfully buried on public right-of-way on the theory of the law of trespass. See Mountain States Telephone and Telegraph Co. v. Vowell Construction Co., 341 S.W.2d 148, 150 (Tex. 1960).

Historically, a county avoided liability under the doctrine of sovereign immunity. See Lowe v. Texas Tech University, 540 S.W.2d 297, 298 (Tex. 1976). The Texas Tort Claims Act now waives that immunity of a county for property damage caused by negligence which arises from the county's use of motor vehicles or motor-driven equipment. See Civil Practice & Remedies Code, §101.021, §101.025. In most fact situations, damage to buried cable in a county right-of-way during the widening of a public road will involve the use of motor-driven vehicles or equipment. As indicated, we do not address whether the county has entered into, or could legally enter into, a contract in which the telephone company released a cause of action under the Tort Claims Act.

Article 1416, V.T.C.S., which applies to telephone as well as telegraph lines, expressly grants the telephone company the right to lay its lines along, upon, and across any public roads, streets, or waters of Texas, subject only to the restriction that it must be done in a manner that does not inconvenience the public in the use of such roads, streets, and waters. This right is granted by the legislature and cannot be denied by a county. See Heldt v. Southwestern Bell Telephone Company, 482 S.W.2d 352, 355, 356 (Tex. Civ. App. - Corpus Christi 1972, no writ); Attorney General Opinions M-1218 (1972); M-508 (1969); O-2517 (1940).

It is well-established that a county commissioners court possesses only the powers conferred either expressly or by necessary implication by the constitution and statutes of this state. See Tex. Const. art. V, §18; Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948). A county may contract only in the manner and for the purposes provided by statute. Galveston, H. & S.A. Railway Co. v. Uvalde County, 167 S.W.2d 305, 307 (Tex. Civ. App. - San Antonio 1942, writ ref'd w.o.m.).

We are not aware of any statute that gives a county the power to condition or limit the right of a telephone company to lay its cables within the right-of-way of a county, so long as the telephone company does not inconvenience the public in the use of the roads, or that authorizes a county to suspend unilaterally the waiver of immunity to tort liability provided by the Texas Tort Claims Act. See Attorney General Opinions JM-432 (1936); H-1015 (1977).

S U M M A R Y

A county does not have the power to change the general law of tort liability or immunity to tort liability and may not impose conditions or limitations on the statutory right of a telephone company to lay its cables within the right-of-way of the county, so long as the company does not disturb the public in the use of the road.

Very truly yours

J I M   M A T T O Y
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General