Raul ESPINO, Jr., etc., et al.,
Plaintiffs-Appellants,

v.

Raul BESTEIRO, et al.,
Defendants-Appellees.

No. 82–2081.

United States Court of Appeals,
Fifth Circuit.

July 5, 1983.

Gerald A. Garcia, Harlingen, Tex., for plaintiffs-appellants.

Tony Martinez, Horacio Barrera, Brownsville, Tex., for defendants-appellees.

Before CLARK, Chief Judge, THORNBERRY and POLITZ, Circuit Judges.

THORNBERRY, Circuit Judge:

INTRODUCTION:

Appellant Raul Espino appeals from the district court's denial of attorney's fees under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C.A. § 1988 (West 1981), and the attorney's fees provision of the Rehabilitation Act of 1973, 29 U.S.C.A. § 794a(b) (West Supp.1982). We hold that the district court exceeded the bounds of its discretion in denying attorney's fees under § 1988, and therefore do not reach the question whether fees should have been awarded under § 794a(b). Accordingly, we REVERSE and REMAND with instructions to award reasonable attorney's fees under the guidelines set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974).

FACTS AND PROCEDURAL HISTORY:

Raul Espino was involved in an automobile accident when he was only 11 months old that left him a quadraplegic. As a result of his injuries, which included damage to the sympathetic nervous system, his body cannot adequately dissipate or conserve heat. This inability to regulate body temperature requires that Raul be kept in a stable temperature-controlled environment of 68°–78° F.

When he reached school age, Raul was enrolled in a kindergarten at the Moody School for the Handicapped in Brownsville, Texas. Because the school was fully air-conditioned, Raul encountered few problems caused by extremes in temperature.

When it came time for Raul to go off to first grade, the Admission, Review and Dismissal Committee [ARD] of the Brownsville Independent School District [BISD] met to conduct its annual review of Raul's educational placement. Because of its determination that the facilities at Moody were insufficient to meet Raul's social and intellectual needs, the ARD recommended that he be "mainstreamed," i.e. placed in a regular, air-conditioned first grade classroom within the BISD and educated with non-handicapped children.

At the time this decision was made, however, there were no air-conditioned regular classrooms in the BISD system at the elementary level. On Raul's first day in school, he and his mother discovered that he was not going to be placed in an air-conditioned classroom. Instead, the BISD, headed by named defendant herein, Superintendent Raul Besteiro, had constructed a portable five foot plexiglass box with a window air-conditioning unit and placed it in Raul's first grade classroom for his use. Neither Raul's parents nor the ARD had been informed of this solution to Raul's problems. The solution was primarily conceived of by Superintendent Besteiro, who reasoned that air-conditioning a single classroom for Raul would open up a "Pandora's Box" of complaints by the teachers and parents of children in other classrooms that were not air-conditioned. Superintendent Besteiro was also concerned that by air-conditioning a classroom for Raul, he would be violating Bulletin 871 which sets out guidelines for administering the Texas Special Education Program. Although the Bulletin allows the use of special education funds for a particular handicapped child, it does not refer to expenditures of these funds on nonhandicapped peers.[1]

Raul was enrolled and spent up to 75% of his class time in the plastic cubicle during the warm spring and fall months of his first year in school. Initially, the cubicle had no sound system, and Raul had difficulty hearing his teacher until a one-way radio receiver was installed.

In November 1980, Raul's parents filed an administrative complaint challenging BISD's decision to place Raul in the air-conditioned plastic cubicle. A due process hearing held before an officer of the Texas Education Agency on December 2, 1980 resulted in a decision in BISD's favor which was adopted by the Texas Commission of Education on February 4, 1981. Having

---

1. The BISD also investigated the possibility of placing Raul in an air-conditioned classroom in one of the four private elementary schools in Brownsville, but none of these schools would accept Raul as a student at that time.

exhausted his administrative appeals, Raul filed suit against Superintendent Besteiro and the Trustees of the BISD on July 24, 1981, alleging violations of his rights under the Rehabilitation Act of 1973, 29 U.S.C.A. § 794 (West Supp.1982);[2] the Education for All Handicapped Children Act of 1975, 20 U.S.C.A. § 1401 *et seq.* (West 1978 & West Supp.1982) [EAHCA];[3] 42 U.S.C.A. § 1983 (West 1981);[4] the Due Process and Equal Protection Clauses of the Fourteenth Amendment; Tex.Educ.Code Ann. § 16.104 (Vernon Supp.1982), and Tex.Hum.Res.Code Ann. § 121.001 (Vernon 1980).[5]

The federal causes of action alleged that by isolating Raul in a plexiglass cubicle, the BISD had violated his right to be free from discrimination on the basis of handicap, his right to a free, appropriate public education in the least restrictive setting, and his right to due process and equal protection of the law. The complaint sought temporary and permanent injunctive relief, as well as compensatory and punitive damages.

Following an evidentiary hearing, the district court granted Raul's motion for a preliminary injunction. The court found that Raul had demonstrated a likelihood of success on the merits of his claim under the EAHCA, and enjoined the BISD from refusing to provide Raul an air-conditioned environment in which he could fully interact with his nonhandicapped peers. The court's order also enjoined the BISD from requiring Raul to attend class in an air-conditioned cubicle or any other segregated environment. The BISD then worked out an arrangement whereby Raul would be educated in an air-conditioned classroom in a local, private school. The court found this arrangement to be in compliance with its earlier order, and on January 7, 1982 entered final judgment in this case *sua sponte.*

2. The Rehabilitation Act of 1973 provides in pertinent part:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

29 U.S.C.A. § 794 (West Supp.1982).

3. The Education for All Handicapped Children Act of 1975 provides in pertinent part:

In order to qualify for assistance under this subchapter in any fiscal year, a State shall demonstrate to the Commissioner that the following conditions are met:

(1) The State has in effect a policy that assures all handicapped children the right to a free appropriate public education.

(2) The State has developed a plan pursuant to section 1413(b) of this title in effect prior to November 29, 1975, and submitted not later than August 21, 1975, which will be amended so as to comply with the provisions of this paragraph. Each such amended plan shall set forth in detail the policies and procedures which the State will undertake or has undertaken in order to assure that—

(A) there is established (i) a goal of providing full educational opportunity to all handicapped children . . . .

(5) The State has established (A) procedural safeguards as required by section 1415 of this title.

20 U.S.C.A. §§ 1412–1412(2)(A)(i), 1412(5)(B) (West 1978 & West Supp.1982).

4. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C.A. § 1983 (West 1981).

5. Neither of these statutes is relevant to this appeal.

Raul subsequently filed a motion for attorney's fees under 28 U.S.C.A. § 1988 and 29 U.S.C.A. § 794a(b) of the Rehabilitation Act of 1973. The BISD did not file an objection to this motion. On January 29, 1982, without a hearing, the court denied the motion, stating only that:

The Court has considered Plaintiff's Motion and, noting that the awarding of attorney's fees in this case is within the Court's discretion, and further noting that the position taken by Defendants herein was in good faith compliance with a reasonable interpretation of the law, is of the opinion that said motion be denied.

Raul appeals that decision to this Court.

ANALYSIS:

■ Under the "American Rule," each party to a suit is generally required to pay its own attorney's fees. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). Congress, however, has enacted a number of statutory exceptions to this rule. *Alyeska,* 95 S.Ct. at 1623. One such exception is the Civil Rights Attorney's Fees Awards Act of 1976, 28 U.S.C.A. § 1988 (West 1981), which provides in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

*Special Circumstances*

In enacting § 1988, Congress stated that "a party seeking to enforce the rights protected by the statutes covered by [this Act], if successful, 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 402 [88 S.Ct. 964, 966, 19 L.Ed.2d 1263] (1968)." S.Rep. No. 94–1011, 94th Cong., 2d Sess. 4, *reprinted in* 1976 U.S. Code Cong. & Ad.News 5908, 5912. This "Newman rule" has consistently been ap-

plied by this Court to prevailing plaintiffs seeking attorney's fees under § 1988. *Riddell v. National Democratic Party,* 624 F.2d 539, 543 (5th Cir.1980); *Gates v. Collier,* 616 F.2d 1268, 1275 (5th Cir.1980), *modified on other grounds,* 636 F.2d 942 (5th Cir.1981); *Universal Amusement Co., Inc. v. Hofheinz,* 616 F.2d 202, 204–05 (5th Cir.1980), *modified on other grounds,* 646 F.2d 996 (5th Cir.1981); *Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir.1978), *vacated sub nom. on other grounds, Morrow v. Finch,* 642 F.2d 823 (5th Cir.1981).

■ In reviewing a district court's denial of § 1988 attorney's fees, we are limited to determining whether the court abused its discretion. The discretion to deny § 1988 fees is, however, extremely narrow. *Ellwest Stereo Theatre, Inc. v. Jackson,* 653 F.2d 954, 955 (5th Cir.1981). Absent special circumstances that would render such an award unjust, a prevailing plaintiff should be awarded § 1988 fees *"as a matter of course." Gates,* 616 F.2d at 1275 (emphasis added). However, the special circumstances exception to the general rule requiring the award of fees is an extremely limited one. *Ellwest,* 653 F.2d at 955.

■ Here, aside from a naked assertion of discretionary authority, the only reason given by the district court for its denial of § 1988 fees was that "the position taken by Defendants herein was in good faith compliance with a reasonable interpretation of the law." Good faith is not a special circumstance sufficient to justify the denial of fees under § 1988. *Ellwest,* 653 F.2d at 955; *Aware Woman Clinic v. City of Cocoa Beach,* 629 F.2d 1146, 1148–49 (5th Cir. 1980). Indeed, in *Riddell,* we rejected the same argument now made by Superintendent Besteiro:

State Officials cannot show special circumstances sufficient to prevent an award of fees merely because the officials enforced [a] statute in good faith compliance with their official duty.

*Riddell,* 624 F.2d at 545. See also *Brown v. Culpepper,* 559 F.2d 274, 278 (5th Cir.1977) ("[t]he defendant's conduct, be it negligent or intentional, in good faith or bad, is irrele-

vant to an award of attorney's fees [under § 1988].") We hold that the district court abused its discretion in relying upon defendant's good faith as a special circumstance justifying the denial of § 1988 attorney's fees.

*Prevailing Party*

Attorney's fees should be awarded a prevailing plaintiff under § 1988 as a matter of course. *Gates,* 616 F.2d at 1275. In determining whether a plaintiff has "prevailed," we must ask whether, "as a realistic matter, the plaintiff ... has gained anything from this suit that [he] could not have obtained without litigation." *Coen v. Harrison County School Board,* 638 F.2d 24, 26–27 (5th Cir.1981), *cert. denied,* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982). Here Raul obtained injunctions which resulted in his placement in an air-conditioned classroom. This is precisely what he sought to achieve by bringing his suit. That he was unable to obtain this placement by any other means is shown by the failure of his negotiations with the BISD, and subsequent administrative appeals, to achieve the desired result.

Superintendent Besteiro, however, contends that Raul did not prevail because he did not obtain all the relief he sought in his complaint.

▪ Even where litigation does not culminate in a final order or judgment for plaintiff, we have allowed attorney's fees as long as plaintiff prevailed on the central issue in the case. *Iranian Students Association v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979) (suit led to TRO and consent agreement); *Criterion Club of Albany v. Board of Commissioners,* 594 F.2d 118 (5th Cir.1979) (suit a factor in legislative reapportionment). Congress has stated that § 1988 fees "are especially appropriate where a party has prevailed on an important matter in the course of litigation, even when he ultimately does not prevail on all issues." S.Rep. No. 94–1011, *supra* at 5, *reprinted in* U.S.Code Cong. & Ad.News, *supra* at 5912. *Accord, Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980); *Barrett v. Thomas,* 649 F.2d 1193, 1201 (5th Cir.1981), *cert. denied,* 456 U.S. 925, 102 S.Ct. 1969, 72 L.Ed.2d 440 (1982). The Supreme Court has interpreted this language to mean that "Congress intended to permit ... the award of counsel fees only when a party has prevailed on the merits of at least some of his claims. For only in that event has there been a determination of the 'substantial rights of the parties,' which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney." *Hanrahan,* 100 S.Ct. at 1989, quoting H.R. Rep. No. 94–1558 at 8. In the present case, Raul did not obtain the compensatory and punitive damages sought. However, by obtaining the two injunctions issued by the district court, Raul did prevail on the merits of at least some of his claims. The final judgment subsequently entered by the court formalized BISD's arrangement with a local private school whereby Raul would be placed in an air-conditioned classroom. The court found that this solution was in compliance with its order. Where defendants make an accommodation that complies with an order representing a determination of the substantial rights of the parties, plaintiff is a prevailing party for purposes of section 1988 attorney's fees. *Taylor v. Sterrett,* 640 F.2d 663, 669 (5th Cir.1981). We therefore hold that Raul was a prevailing plaintiff for purposes of § 1988.

*Section 1988 or EAHCA*

The district court's order, requiring the BISD to place Raul in an air-conditioned classroom, was premised on the court's determination that Raul had demonstrated a likelihood of success on the merits of his claim under the EAHCA. The BISD's subsequent accommodation was made in compliance with this same order; the final judgment formalizing this accommodation was therefore also premised on a violation of the EAHCA. The EAHCA makes no provision for attorney's fees. *Hymes v. Harnett County Board of Education,* 664 F.2d 410 (4th Cir.1982).

In accordance with "the longstanding judicial policy of avoiding unnecessary decision of important constitutional issues," *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 2577, 65 L.Ed.2d 653 (1980), the district court never reached Raul's constitutional claim under § 1983. Nor did the court address the alleged violations of the Rehabilitation Act of 1973. We are thus squarely faced with the question whether, in an action containing claims under both the EAHCA and § 1983, a court may, by choosing to ground its order on the EAHCA, deprive a plaintiff of attorney's fees to which he would have been entitled had the court based its decision on § 1983. Under the analytical framework set out above, this translates into the refined question whether a plaintiff who obtains under the EAHCA the same relief he sought under § 1983, is entitled to § 1988 attorney's fees.

*Pendent Claims*

Examination of the House Report accompanying § 1988 reveals that Congress anticipated the problem facing us, and provided a solution to it.

> To the extent a plaintiff joins a claim under one of the statutes enumerated in [the Fees Act] with a claim that does not allow attorney fees, that plaintiff, if it prevails on the non-fee claim, is entitled to a determination on the other claim for the purpose of awarding counsel fees. *Morales v. Haines,* 486 F.2d 880 (7th Cir. 1973). In some instances, however, the claim with fees may involve a constitutional question which the courts are reluctant to resolve if the non-constitutional claim is dispositive. *Hagans v. Lavine,* 415 U.S. 528 [94 S.Ct. 1372, 39 L.Ed.2d 577] (1974). In such cases, if the claim for which fees may be awarded meets the

"substantiality" test, *see Hagans v. Lavine, supra; United Mine Workers v. Gibbs,* 383 U.S. 715 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a "common nucleus of operative fact." *United Mine Workers v. Gibbs, supra* at 725 [86 S.Ct. at 1138].

H.R.Rep. No. 94–1558, p. 4 n. 7 (1976). This language was quoted with approval in *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 2576 n. 15, 65 L.Ed.2d 653 (1980), where the Court said: "We agree with the courts below that Congress was acting within its enforcement power in allowing the award of fees in a case in which the plaintiff prevails on a wholly statutory, non-civil-rights claim pendent to a substantial claim." *Maher,* 100 S.Ct. at 2576.[6]

The second paradigm[7] set out in the House Report is directly applicable to our case. In basing its decision on the EAHCA the court below followed the judicially-created policy of avoiding the unnecessary decision of constitutional issues, and never reached Raul's § 1983 claim. *See Maher,* 100 S.Ct. at 2577; *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941); *Ashwander v. TVA,* 297 U.S. 288, 346, 56 S.Ct. 466, 482, 80 L.Ed. 688 (1936); *Siler v. Louisville & Nashville RR,* 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909).

The House Report's provision for attorney's fees in this type of case speaks only of a broad category of "non-fee claims." Although the doctrine of pendent jurisdiction arose in the context of pendent state law

---

**6.** The House Report states that it is to be regarded as the authoritative source in determining the Congressional intent underlying the enactment of § 1988. H.R.Rep. No. 1558, 94th Cong.2d Sess. (1976), 122 Cong.Rec. 35,122. As the Senate Report accompanying § 1988 contains nothing which contradicts the expressed intention of the House to award § 1988 fees where plaintiff prevails on a pendent non-fee claim, we follow Congress' intent as expressed in the House Report.

**7.** In the first situation described in the above quotation from House Report No. 1558, plaintiff's § 1983 claim may be determined without resolving any constitutional issues. This is not our case. Raul's § 1983 claim alleged that the BISD, acting under color of law, deprived him of a liberty interest guaranteed by the fourteenth amendment. Raul was therefore not automatically entitled to a determination of his § 1983 claim.

claims, *see, e.g., United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), courts have relied on this doctrine to award § 1988 attorney's fees to plaintiffs prevailing on non-fee federal statutory claims as well, including the EAHCA. *Monahan v. Nebraska,* 687 F.2d 1164, 1172 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983) (plaintiff prevailed on EAHCA claim; court awarded § 1988 attorney's fees.); *Robert M. v. Benton,* 671 F.2d 1104, 1104–05 (8th Cir.1982) (plaintiff prevailed on EAHCA claim; court awarded § 1988 attorney's fees). *But see Smith v. Cumberland School Committee,* 703 F.2d 4 (1st Cir. 1983).[8]

In *Smith v. Cumberland School Committee,* the First Circuit rejected the pendent claim theory, and denied § 1988 fees to a plaintiff who prevailed on his EAHCA claim. Noting that the EAHCA is a comprehensive statutory and administrative scheme which lacks an attorney's fee provision, the Court concluded that permitting a plaintiff to recover § 1988 fees where he had prevailed solely on his EAHCA claim would thwart Congress' intention that successful EAHCA plaintiffs not recover fees.

Although Congress may not have intended that plaintiffs recover attorney's fees on claims brought solely under the EAHCA,[9] it does not follow that Congress also intended to deprive plaintiffs of § 1988 fees on their § 1983 claims where both the EAHCA and § 1983 are pleaded, and a court, solely to avoid deciding a constitutional issue, chooses to ground its relief on the EAHCA. *See* H.R.Rep. No. 94–1558 *supra.* Were this Congress' intent, the EAHCA would have to be a preemptive statute barring claims under any other statute in those cases in which it afforded a remedy. However, in *Tatro v. Texas,* 703 F.2d 823 (5th Cir.1983), this Court found that defendants had violated both the EAHCA and section 504 of the Rehabilitation Act, 29 U.S.C.A. § 794 (West Supp.1982). We could not have done so if the EAHCA in fact preempted actions under all other applicable statutes. The prior district court opinion in *Tatro* also held that as long as plaintiff exhausted his administrative remedies, suit under the EAHCA did not foreclose a § 1983 suit. *Tatro v. Texas,* 516 F.Supp. 968 (N.D.Tex. 1981). *See also S–1 v. Turlington,* 635 F.2d 342 (5th Cir.1981), *cert. denied,* 454 U.S. 1030, 102 S.Ct. 566, 70 L.Ed.2d 473 (1981) (both the EAHCA and the Rehabilitation Act of 1973 applied.)[10]

---

**8.** *See Gary B. v. Cronin,* 542 F.Supp. 102, 121 (N.D.Ill.1980) (plaintiff prevailed under EAHCA, § 1988 fees awarded); *Department of Education of State of Hawaii v. Katherine D.,* 531 F.Supp. 517, 531 (D.Hawaii 1982) (plaintiff prevailed under EAHCA, § 1988 fees awarded). In the following cases, the courts have awarded § 1988 attorney's fees to plaintiffs prevailing on their claims under other federal statutes: *White v. Beal,* 447 F.Supp. 788 (E.D.Pa.1978) (plaintiff prevailed under state statute); *La Raza Unida of Southern Alameda County v. Volpe,* 440 F.Supp. 904 (N.D.Cal.1977) (plaintiff prevailed under the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C.A. §§ 4625, 4630 (West 1977) ); *Southeast Legal Defense Group v. Adams,* 436 F.Supp. 891 (D.Ore.1977), *remanded,* 657 F.2d 1118 (9th Cir.1981) (plaintiff prevailed under Federal Aid Highway Act, 23 U.S.C.A. § 101 *et seq.* (West 1966)).

**9.** We voice no opinion on this issue, which has not yet been decided by this Circuit. In a separate decision today, *Feenstra v. Treen,* 708 F.2d 991 (5th Cir.1983), we awarded § 1988 fees despite the fact that § 1983 was never

pleaded by plaintiff in that action. This award was dependent on the special facts of that case. We do not mean to imply in *Feenstra* that § 1988 fees are appropriate whenever § 1983 could have been pleaded, but was not, and therefore do not here reach the issue whether § 1988 fees might be available where only the EAHCA was pleaded, or even where the EAHCA was pleaded directly under § 1983.

**10.** In *Anderson v. Thompson,* 658 F.2d 1205, 1215 (7th Cir.1981), the Seventh Circuit held that the EAHCA preempted suits under § 1983, and accordingly denied plaintiff § 1988 attorney's fees. In *Anderson,* however, plaintiff sought § 1988 fees in an action brought directly under § 1983 to remedy an alleged violation of the EAHCA. Even if the *Anderson* Court properly denied attorney's fees in that situation, an issue we need not address, the logic of that decision does not extend to our case, where the § 1983 action was brought independent of the EAHCA violation to redress a violation of Raul's constitutional rights.

The *Smith* Court concluded that the EAHCA's comprehensive nature and lack of an attorney's fees provision precluded § 1988 fees in a § 1983 suit brought to remedy a violation of the EAHCA itself. We need not reach this issue here, but even assuming *arguendo* that the Court's conclusion is correct, it does not follow that § 1988 fees are barred where the § 1983 claim is brought not to remedy a violation of the EAHCA, but to redress a violation of a constitutional right secured under § 1983. In *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), the Supreme Court held that a *Bivens*-type private right of action to recover damages against a federal official for a constitutional violation existed in the absence of a statute conferring such a right, except in two situations. "The first is when defendants demonstrate 'special factors counselling hesitation in the absence of affirmative action by Congress.' (Citations omitted)... The second is when defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective." (Citations omitted) (emphasis in original). *Carlson,* 100 S.Ct. at 1471.

We believe that these considerations apply with even greater force where the private right of action is not implied, but is expressly guaranteed by a statute like § 1983. *Cf. Brewer v. Blackwell,* 692 F.2d 387, 399 n. 16 (5th Cir.1982). We also attach no importance to the fact that the constitutional deprivation in our case is by a state, rather than a federal, official. Defendants in this case have demonstrated no special factors counselling hesitation. More important, Congress has never explicitly declared that the EAHCA is a substitute for recovery directly under the Constitution, or under § 1983. Section 1983 had been in existence for over a century when Congress enacted the EAHCA, and none can argue that Congress was unfamiliar with its provisions. Had Congress wished the EAHCA to supplant § 1983 for those of its violations simultaneously giving rise to constitutional claims for which § 1983 provided a remedy,

it had only to say so. The EAHCA has been amended since the enactment of the Civil Rights Awards Act of 1976, amending section 1988. *See, e.g.,* Pub.L. 95–561, 92 Stat. 2364, Nov. 1, 1978; Pub.L. 96–270, 94 Stat. 498, June 14, 1980. Had Congress wished to preclude the award of attorney's fees in actions brought under § 1983 to remedy constitutional violations arising out of acts forming the basis for a claim under the EAHCA as well, it could have done so. That it did not is, we think, sufficient evidence of its intent to allow § 1983 actions in situations like this one, in which § 1988 attorney's fees are awarded as a matter of course.

We reject the First Circuit's reasoning in *Smith,* and adopt instead the approach followed by the Eighth Circuit in *Monahan v. Nebraska,* 687 F.2d 1164, 1172 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983). In *Monahan,* as in our case, plaintiff prevailed on his EAHCA claim, but the court never reached his § 1983 constitutional claim. In awarding plaintiff § 1988 attorney's fees, the Eighth Circuit held:

It does not matter that the constitutional, or § 1983, ground was not actually reached, and that the complainant prevailed, to the extent that he did at all, on his EAHCA ground. Where a non-fee claim is joined with a non-frivolous claim under a statute providing for the award of fees, and the plaintiff prevails with respect to his non-fee claim, thus making it unnecessary for the Court to reach the § 1983 claim, an award of fees is nevertheless appropriate.

*Monahan,* 687 F.2d at 1172. We agree, adding only that an award of § 1988 fees is appropriate only where the fee claim (here § 1983) is substantial, *Hagans v. Levine,* 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), and the non-fee claim on which plaintiff prevails arises out of a nucleus of operative fact common with that of the fee claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

The substantiality test merely requires that the issue raised in the fee claim not be "wholly insubstantial," "obviously frivolous," "plainly insubstantial" or "obviously without merit." *Hagans,* 415 U.S. at 537, 94 S.Ct. at 1379. The fee claim therefore need only be sufficiently substantial to support federal jurisdiction. *Maher,* 100 S.Ct. at 2573. Raul's confinement in a five foot plastic cubicle clearly supports a substantial claim under the fourteenth amendment, which is sufficient to support federal jurisdiction.

In order to arise out of a common nucleus of operative fact, the fee and non-fee claims must be so interrelated that plaintiffs "would ordinarily be expected to try them all in one judicial proceeding." *Gibbs,* 383 U.S. at 725, 86 S.Ct. at 1138. Here, the treatment challenged separately under the EAHCA and § 1983 is exactly the same; there is every reason to expect that Raul would try both in one proceeding, as he has in fact done.

 Since the claims in this case meet the tests of *Hagans* and *Gibbs,* we conclude that Raul is entitled to § 1988 attorney's fees. *See Williams v. Thomas,* 692 F.2d 1032 (5th Cir.1982).

*Policy Considerations*

 Where the parties to a suit under § 1983 and other statutes settle before a final judgment issues, plaintiff is entitled to attorney's fees under § 1988 as a matter of course as long as he prevailed on the central issue in his case. *Maher,* 100 S.Ct. at 2575; *Gates,* 616 F.2d at 1275; S.Rep. No. 94–1011, p. 5 (1976). Had plaintiff in the present case obtained by consent what he ultimately won through litigation, he would have prevailed on the central issue in his case, and collected § 1988 fees. A plaintiff prevails by settlement "under" any statute pleaded that affords the relief actually obtained.

Were we to hold, on the facts of this case, that Raul is not entitled to § 1988 fees because the district court did not explicitly ground its relief on § 1983, we would in effect be creating a powerful disincentive to settlement in close cases. Where defendants know that a court is more likely to award relief on the basis of a non-fee statute whose application avoids difficult constitutional questions, they will have little incentive to settle their differences with plaintiffs, knowing as they do that a settlement is very likely to cost them substantial attorney's fees. Federal dockets are already sufficiently crowded without our creating a disincentive to settlement.

Permitting a court to deny § 1988 fees by granting relief on the basis of a non-fee statute would also undermine Congress' intent in enacting § 1988 to create an incentive for plaintiffs to vindicate violations of their constitutional rights by bringing § 1983 actions.

Last, the Supreme Court has recognized that since § 1988 frequently adds substantial attorney's fees to a judgment, it has the desirable subsidiary effect of deterring violations of rights secured by § 1983. *Carey v. Piphus,* 435 U.S. 247, 257 n. 11, 98 S.Ct. 1042, 1049 n. 11, 55 L.Ed.2d 252 (1978). This effect would also be undermined by the denial of attorney's fees in the instant case.

For these reasons, we REVERSE the denial of § 1988 attorney's fees and REMAND this case to the district court with instructions to award reasonable attorney's fees in accordance with the criteria set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974). The award should include an allowance for fees and costs incurred in contesting this award in the district court and on this appeal. *Riddell,* 624 F.2d at 547. On remand, the district court should also determine whether Raul is entitled to reasonable attorney's fees for counsel's efforts in the administrative proceedings. *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980).