Jessie McDONALD, Plaintiff-Appellant,

v.

John DOE, et al., Defendants-Appellees.

No. 84–3412

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1984.

Rehearing and Rehearing En Banc
Denied Jan. 24, 1985.

---

**1056**

Oestreicher, Whalen & Hackett, David Oestreicher, II, New Orleans, La., for plaintiff-appellant.

Lee, Martiny, Caracci & Bono, Metairie, La., Lloyd F. Schroeder, II, New Orleans, La., for defendants-appellees.

Before RUBIN, RANDALL and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

■ The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, confers the right to recover attorney's fees on a party who prevails in an action to enforce provisions of the federal civil rights laws.[1] This statute does not, however, authorize an award of fees to a party who recovers on a pendent state claim but loses on his civil rights claim. We, therefore, affirm the judgment of the district court denying attorney's fees to such a plaintiff.

Jessie McDonald sued the Sheriff of Jefferson Parish, Louisiana, two of his deputies, and other parties, alleging that he had been falsely arrested for and charged with first degree murder, without probable cause. He alleged both violation of his federal constitutional right to due process of law, a claim under 42 U.S.C. § 1983, and negligent injury, a state law tort. After trial, the jury responded to interrogatories that the defendants had not violated McDonald's constitutional rights, but that one defendant had been negligent in violation of state law. The jury fixed the damages due McDonald, reduced by his own contributory negligence. The court thereafter denied McDonald's claim for attorney's fees and entered judgment only for the amount of the jury award. The verdict is not appealed and the only issue before us is McDonald's claim for fees.

In *Maher v. Gagne*,[2] the Supreme Court described the circumstances in which the plaintiff may qualify for a fee award when he succeeds on a non-fee federal statutory claim joined with a fee-generating federal constitutional claim that is not decided. If both claims arise out of a "common nucleus of operative fact," the Court noted, the plaintiff may be considered the prevailing party if the constitutional claim is sufficiently substantial to support the invocation of federal jurisdiction.[3] This approach acknowledges the reluctance of federal courts to decide constitutional questions if a nonconstitutional claim is dispositive. "Congress' purpose in authorizing a fee award for an unaddressed constitutional claim was to avoid penalizing a litigant for the fact that courts are properly reluctant to resolve constitutional questions if a nonconstitutional claim is dispositive." [4] "Congress," the Court said, "did not intend to have that authority [given the courts to award attorney's fees] extinguished by the

**1.** 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 1986, and 2000d; 20 U.S.C. § 1681 *et seq.*

**2.** 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980).

**3.** *Id.* at 133 n. 15, 100 S.Ct. at 2576 n. 15, 65 L.Ed.2d at 663 n. 15.

**4.** *Smith v. Robinson,* — U.S. —, —, 104 S.Ct. 3457, 3467, 82 L.Ed.2d 746, 762 (1984), (citing H.R.Rep. No. 94–1558, p. 4, n. 7).

fact that the case was settled or resolved on a nonconstitutional ground."[5] Following the reasoning of *Maher v. Gagne,* most courts have held that § 1988 authorizes awarding fees to plaintiffs who succeed on pendent state law claims that are related to undecided but substantial constitutional claims.[6]

The Court last term, in *Smith v. Robinson,*[7] considered again the standards for awarding fees to a plaintiff in whose favor the court decides a non-fee federal claim without ruling on one or more joined federal fee-type claims. While that decision is not directly applicable to the joinder of state-law with federal claims, the considerations involved are relevant. The court affirmed the principle that a prevailing party who asserts substantial but unaddressed federal claims is entitled to attorney's fees under § 1988. However, due regard must be paid also to the relationship between the claims. The claim for which fees are awarded must be "reasonably related to the plaintiff's ultimate success."[8] If so, the district court may "assume that the plaintiff has prevailed on his fee-generating claim and ... award fees appropriate to that success."[9]

■ A pendent state law claim may be joined with a federal claim only if both arise from a common nucleus of operative fact.[10] The mere fact that the district court permits joinder demonstrates a relationship between the issues. Therefore, were the fee-generating federal claim undecided, the rationale of *Maher v. Gagne* and *Smith v. Robinson* would be applicable, and fees would be due to the plaintiff as prevailing party.[11] That reasoning does not apply when the court has no basis to assume that the plaintiff might possibly have succeeded. The Civil Rights Attorney's Fees Awards Act of 1976 was adopted because the actions in which fees are allowed vindicate rights based on the federal constitution or federal statutes. If it is determined that no constitutional right was violated, the predicate for the award of fees vanishes. There is neither the likelihood nor even the possibility that the court simply avoided a constitutional law decision.

■ This circuit, in *Raley v. Fraser,*[12] has recently held that the plaintiff does not, therefore, prevail for fee purposes under 42 U.S.C. § 1988 when his constitutional claim is decided adversely to him even though he obtains recovery on a pendent state law claim, joining the other circuits that have considered the question and have unanimously reached the same conclusion.[13] Consequently, we affirm the district court decision and deny McDonald's claim for attorney's fees under 42 U.S.C. § 1988.

---

5. *Id.* at ——, 104 S.Ct. at 3466, 82 L.Ed.2d at 761.

6. *See, e.g., State of New York v. 11 Cornwell Co.,* 718 F.2d 22, 25 n. 3 (2d Cir.1983) (en banc); *Williams v. Thomas,* 692 F.2d 1032, 1036 (5th Cir.1982), *cert. denied sub nom., Dallas County, Texas v. Williams,* —— U.S. ——, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983); *Kimbrough v. Arkansas Activities Ass'n,* 574 F.2d 423, 426–27 (8th Cir.1978); *Allen v. Housing Authority,* 563 F.Supp. 108, 110 (E.D.Pa.1983).

7. —— U.S. ——, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).

8. *Id.* at ——, 104 S.Ct. at 3467, 82 L.Ed.2d at 762.

9. *Id.* at ——, 104 S.Ct. at 3467, 82 L.Ed. at 762 (footnote omitted).

10. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

11. *See* cases cited *supra* note 6.

12. 747 F.2d 287 at 290–292 (5th Cir.1984).

13. *See Gagne v. Town of Enfield,* 734 F.2d 902, 904 (2d Cir.1984); *Russo v. State of New York,* 672 F.2d 1014, 1022–23 (2d Cir.1982); *Reel v. Arkansas Dep't of Corrections,* 672 F.2d 693, 697–99 (8th Cir.1982); *Luria Bros. & Co. v. Allen,* 672 F.2d 347, 356–58 (3d Cir.1982); *Bunting v. City of Columbia,* 639 F.2d 1090, 1095 (4th Cir.1981); *Haywood v. Ball,* 634 F.2d 740, 743 (4th Cir.1980); *Huffman v. Hart,* 576 F.Supp. 1234, 1235–38 (N.D.Ga.1983); *see also Redd v. Lambert,* 674 F.2d 1032, 1034–37 (5th Cir.1982) (holding that § 1988 attorney's fees should not be awarded when the Tax Injunction Act, 28 U.S.C. § 1341, bars the plaintiff from obtaining § 1983 relief).

For these reasons the judgment is AFFIRMED.