Gene ALBRIGHT and Bettie J. Page, Plaintiffs–Appellees,

v.

The GOOD SHEPHERD HOSPITAL, dba Good Shepherd Medical Center and The Board of Trustees of the Good Shepherd Hospital, Defendants–Appellants.

No. 89–2279
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 16, 1990.

John M. Smith, Harbour, Smith, Harris & Cammack, Longview, Tex., Erin E. Lunceford, Wood, Luckinger & Epstein, Houston, Tex., Hugh M. Smith, Glen Rose, Tex., for defendants-appellants.

Larry R. Daves, San Antonio, Tex., for plaintiffs-appellees.

Before REAVLEY, KING and JOHNSON, Circuit Judges.

PER CURIAM:

Defendants The Good Shepherd Hospital and its Board of Trustees (collectively "Good Shepherd") appeal a judgment awarding attorney's fees and expenses to plaintiffs Gene Albright and Bettie J. Page under 42 U.S.C. § 1988. We vacate the award and remand.

### I.

Albright initiated this case by suing Good Shepherd under 42 U.S.C. § 1983 for damages resulting from his termination as Personnel Director of Good Shepherd and his subsequent arrest by the Longview Police Department for distributing leaflets on hospital property. His claims were consolidated with those of Page, who sought damages under state law, Title VII, and 42 U.S.C. § 1981 for her alleged wrongful termination from Good Shepherd. A jury returned a verdict and an award of damages for each plaintiff. Additionally, the district court found that Good Shepherd had discriminated against Page on the basis of race, in violation of section 1981 and Title VII, and awarded back pay, reinstatement, and accommodations at work for a shoulder injury. *Albright v. Longview Police Dep't,* 884 F.2d 835, 837–38 (5th Cir.1989).[1] The district court subsequently awarded Page and Albright, who were represented by the same attorney, $74,012.95 in attorney's fees and $2,342.01 in expenses, as prevailing parties under 42 U.S.C. § 1988. The award did not delineate which portion was attributable to each plaintiff's case.

On appeal of the merits, a Fifth Circuit panel reversed the judgment for Albright's section 1983 claim and remanded for consideration of Albright's false arrest claim under state tort law. *Id.* at 841–43. However, the panel affirmed the judgment for Page on her state and federal claims. *Id.*

---

1. The record indicates that the court upheld Page's section 1983 claim. However, it is un- clear whether she recovered any damages on this claim.

at 844. Good Shepherd now appeals the award of attorney's fees and costs, pointing out that to recover attorney's fees under section 1988 one must prevail under an applicable federal statute. Since Albright's section 1983 claim was reversed, Good Shepherd contends that he is no longer entitled to attorney's fees and that the award must be vacated and remanded for apportionment. We agree.

## II.

The Civil Rights Attorney's Fee Statute provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988. To obtain attorney's fees under this statute, a litigant must be a "prevailing party." *Davis v. West Community Hosp.*, 755 F.2d 455, 468 (5th Cir. 1985). Although qualification is not contingent upon prevailing on all claims, *see Hensley v. Eckerhart*, 461 U.S. 424, 434–35, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983), a litigant must "receive at least some relief on the merits of his claim before he can be said to prevail," *Hewitt v. Helms*, 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987).

■ Albright clearly does not meet this requirement. Judgment on his federal claim has been reversed and therefore cannot support the award. *See Harris v. Pirch*, 677 F.2d 681, 689 (8th Cir.1982). His only possible basis for recovery is state tort law, which cannot provide grounds for a section 1988 attorney's fee award when all federal claims have been rejected on the merits. *McDonald v. Doe*, 748 F.2d 1055, 1057 (5th Cir.1984); *cf. Heath v. Brown*, 807 F.2d 1229, 1233 (5th Cir.1987) (pendent state law claims can support the recovery of attorney's fees under section 1988 when the court has avoided a substantial constitutional claim in the case). Accordingly,

the attorney's fee award must be adjusted to reflect the fact that Page was the sole plaintiff to prevail under federal law.

■ Plaintiffs seek to avoid apportionment by pointing out that the Supreme Court does not require a fee reduction merely because all claims are not successful. *See Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940. They then claim that the entire award should be affirmed on the ground that their claims "involve[d] a common core of facts." *Id.* Plaintiffs seek to establish factual commonality by pointing to (1) the joinder of the two cases; and (2) Albright's assertion that he was fired for assisting a group of nursing supervisors, including Page, in filing grievances against Good Shepherd regarding racial discrimination.

■ At the outset, we point out that fee entitlement for unsuccessful claims does not rest solely upon a commonality of facts or legal theories. Rather, the relevant inquiry is the success achieved in a lawsuit and the reasonableness of time expended in relation to that success. Plaintiffs obtaining excellent results are entitled to recover full compensation, even if they do not prevail on every contention. *Id.* However, those achieving limited or partial success may recover only that which is reasonable in light of the relief obtained.[2] *Id.* at 436, 103 S.Ct. at 1941. In a case involving limited success, such as this, joinder alone cannot support full recovery of attorney's fees.

Additionally, while Albright's assistance regarding grievance filings may indicate some overlap between the cases, it cannot justify recovery of all fees incurred in pursuit of his claims. Evidence of Albright's grievance activity may well have added fuel to Page's section 1983 and racial discrimination claims. However, that was not the sum total of Albright's case; his claim regarding the arrest represented a substantial portion. The arrest claim was unrelated to those of Page and did not aid her victory. Counsel is therefore not entitled

---

**2.** Although *Hensley* was decided with regard to a single plaintiff, we see no reason for adopting a different rule in cases involving more than one plaintiff.

to recover for services on that claim. *Id.* at 435, 103 S.Ct. at 1940.

The difficulty here is determining which costs may be charged fairly to counsel's pursuit of the Page case. In the hearing on attorney's fees, plaintiffs' counsel stated that the proof, discovery, and research regarding Page's and Albright's claims overlapped to the point of being unseverable. However, to serve the overriding goal of compensating counsel in light of the "results obtained," the fees must be apportioned. *Id.* at 434–36, 103 S.Ct. at 1939–41. The manner of determining the award and its ultimate amount are committed to the discretion of the district court. *See id.* at 436–37, 103 S.Ct. at 1941; *Gilbert v. City of Little Rock, Ark.,* 867 F.2d 1063, 1066–67 (8th Cir.) (sustaining fifteen percent reduction for fee award due to the fact that only four of thirteen original plaintiffs obtained relief), *cert. denied,* — U.S. —, 110 S.Ct. 57, 107 L.Ed.2d 25 (1989). We therefore VACATE the award and REMAND for proceedings not inconsistent with this opinion.