SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,

v.

Marlowe BIGLER and Wife Beatriz M. Bigler, Individually and d/b/a Dairy Kreme, Appellees.

No. 15967.

Court of Civil Appeals of Texas, San Antonio.

March 8, 1978.

Jerry R. Tucker, San Antonio, for appellant.

Sharon Trigo, Laredo, for appellees.

MURRAY, Justice.

This is an action for an injunction against Southwestern Bell Telephone Company, appellant, to enjoin it from laying an underground cable on or adjacent to property owned by Marlowe Bigler and wife, Beatriz M. Bigler, appellees. Upon hearing for a temporary injunction, the court below entered an order granting the temporary injunction and appellant has perfected an appeal to this Court.

Appellant, in furtherance of its business of providing long distance telephone service in the State of Texas, was in the process of laying an underground cable for long distance toll service within the public right-of-way from Zapata, Texas to Falcon Heights, Texas. Appellees are the owners and operators of a fast food service at the corner of U. S. Highway 83 and 3rd Avenue in Zapata. Appellees contend that in laying its underground cable adjacent to their property, appellant would cause "irreparable injury to appellees' business by causing inconvenience of patrons of plaintiffs' business through noise, dust, and inaccessability to the business." Appellees' contentions can be summed up by stating that they feel that they will lose some business while the actual excavation and laying of the cable is in progress, and after that, the pavement will not be adequately repaired, and that they will have future problems when holes and cracks appear where repairs were made. It is undisputed that the cable is to be laid within the right-of-way of public streets, and would not extend onto appellees' property.

Appellant presents its points of error one and two under one submission. These points contend the court erred in granting the temporary injunction because the appellees failed to show a probable right and a probable injury and that the statutory right of appellant to use a public right-of-way cannot be restricted contrary to Art. 1416, Tex.Rev.Civ.Stat.Ann. (1962).

Art. 1416 provides as follows:

Corporations created for the purpose of constructing and maintaining magnetic telegraph lines, are authorized to set their poles, piers, abutments, wires and other fixtures along, upon and across any of the public roads, streets and waters of this State, in such manner as not to in-

commode the public in the use of such roads, streets and waters.

■ Appellees agree that this statute is applicable to the instant case where the appellant was in the process of laying a toll cable for long distance telephone service between Zapata and Falcon Heights, Texas. Since appellees sought only injunctive relief in the pleadings as filed at the time of the hearing, they must show a right superior to that of appellant to use a public street adjacent to their property. Appellees fail to allege to prove any public inconvenience and only claim that the temporary inconvenience would be to their private interest only. The right granted appellant by Art. 1416 cannot be denied because it may cause damage or inconvenience to private interests. *Roaring Springs Town-Site Co. v. Paducah Telephone Co.*, 212 S.W. 147 (Tex. 1919). In this cause the Supreme Court said, at page 147:

As heretofore construed, article 1231 [1416] of our Revised Statutes declares it to be the public policy of the state that corporations created for the purpose of constructing and maintaining long distance telephone lines shall be authorized to construct their poles, wires, etc., upon any of the public roads, streets and waters of the state, in such manner as not to incommode the public in the use of the roads, streets, and waters, and this statute is a declaration that the Legislature considers the interest of the public in convenient telephone service superior to any private interest.

■ We hold that the right of appellant to bury its long distance telephone line at the location in question is an absolute right subject only to reasonable regulation by the proper authorities. *City of Brownwood v. Brown Telegraph & Telephone Co.*, 106 Tex. 114, 157 S.W. 1163 (1913). In *City of Brownwood*, the Supreme Court said, at page 1165:

It is apparent that the right of the telephone company to pass through the city or town, over and upon its streets, is absolute, and a city has no authority to deny that right. The interest of the pub-

lic in convenient service by such means of communication is the basis of the grant, and is superior to any private interest.

The judgment of the trial court is reversed and the temporary injunction heretofore entered by the trial court is ordered dissolved.

KLINGEMAN, J., did not participate in the disposition of this case.